## WORKMAN KILLED BY FALLING FROM SCAFFOLD.

Circuit Court of Cuyahoga County.

THEODORE DLUZINSKI, ADMINISTRATOR, v. THE GRIESE-WALKER COMPANY.

Decided, November 9, 1910.

*Wrongful Death—Negligence—What Must Be Shown.*

In an action for wrongful death of a workman, killed by the falling of a scaffold upon which he was working, due to alleged defective construction thereof, in the absence of a statute otherwise providing, in order that plaintiff may recover it must be shown that the construction of the scaffold was defective, that the defendant had knowledge of the defect, or ought to have had, and that the deceased did not know of the defect and had not equal means of knowing with the defendant.

*D. N. Stone,* for plaintiff in error.
*M. P. Mooney,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action for wrongful death, verdict for defendant being directed at the close of plaintiff's evidence.

The petition alleges that plaintiff's decedent was a hod carrier in the employment of the defendant company, and that while stepping upon a scaffolding constructed or caused to be constructed by the company for his use, it gave way by reason of the weak, negligent and careless manner in which it had been constructed, precipitating him to the ground, whereby he was mortally injured.

The petition further alleges that the defendant knew, or ought to have known of the dangerous condition of the scaffolding and that the defect therein was not so obvious and apparent that the deceased should have been able to guard himself, nor was he informed that the scaffolding was not properly constructed, and that it gave way without any fault on the part of the deceased, but solely through the negligence of the defendant.

The answer admits that the deceased was employed by it as a hod carrier and fell from a scaffolding caused to be constructed by it for the purpose alleged in the petition, and was so injured by his fall that he shortly thereafter died. It denies all other allegations of the plaintiff.

Upon the three propositions that the plaintiff was called upon to establish under the rule laid down in the case of *Coal & Car Co.* v. *Norman,* 49 Ohio St., 598, 607, the evidence was very meager.

1. Was the scaffolding defective?

There was evidence introduced tending to show that the floor of the scaffolding upon which the deceased stepped from a ladder upon which he ascended to it was composed of planks, ten or twelve inches in width; that he stepped from the ladder upon one of these planks against which the ladder rested and that this plank had a square end which rested upon the pointed end of another plank; as he stepped upon the second plank with the pointed end the latter slipped over to one side, tipped, and the hod carrier was thereby precipitated to the ground. The plank with the pointed end was described as one prepared for driving into the earth.

Probably the end was V shaped, as in sheathing used in sewer excavations.

We think this evidence was sufficient to warrant a submission to the jury of the question whether or not the scaffolding was defective.

2. Did the defendant have notice or knowledge of this defect or *ought* it to have had?

It will be remembered that while the answer admits that it caused the scaffolding to be constructed, it denies that it knew or ought to have known of this defect.

It was shown that the defendant furnished the material used. It was *not* shown that any one in authority over the deceased put the planks in position on the floor of the scaffold. If the deceased or any one of his fellow-servants superimposed the square end of one plank upon the pointed end of another plank, the company would not be liable for the faulty construction. If the defendant caused the planks to be laid under the direc-

tion of some one in authority over the deceased, it would be liable for the defect, for then it would know, or ought to know of the faulty construction. There was no evidence that the matter had ever been called to the attention of the defendant or any one of its officers or agents or any one in authority over the deceased.

We have considerable doubt as to whether there was sufficient evidence to go to the jury on the proposition that the defendant knew, or ought to have known of this defective construction.

3. It was incumbent upon the plaintiff to show that the deceased did not know of the defect and had not equal means of knowing with the defendant.

Upon this proposition the plaintiff wholly failed to make a case.

On the contrary, he showed that the faulty construction was patent and open to casual observation.

His chief witness testified that he came into the building just before the accident, looking for work. He stood at the bottom of the ladder and watched the deceased come down it with an empty hod, fill it with brick and go up the ladder again. He looked up as the deceased stepped from the ladder upon the plank upon which the ladder rested; noticed that that plank had a square end and rested upon the pointed end of another plank. The witness seeing this situation, stepped aside so that he would not be in danger if the very thing should happen which did happen. As he foresaw, the plank tipped and fell and the accident occurred.

The evidence shows that for two days and three hours before the happening of the accident, the deceased and three other hod carriers stepped upon these two planks, perhaps twenty times an hour, and used them in the identical manner in which the deceased was using them when the accident occurred. The second plank was but one step from the ladder. Every time the deceased went up the ladder he must have seen just what the witness saw from the foot of the ladder. We think that the evidence is clear and shows that the deceased himself knew, or ought to have known of the defect; at least he had equal means of knowing with the defendant.

So long as the rule laid down in the Norman case is to be applied, there can be no recovery under such circumstances as were shown in evidence by the plaintiff in the case, and plaintiff in error does not claim the benefit of any statute in this behalf.

Verdict was properly directed for the defendant and the judgment is affirmed.